UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ELLINGTON, | ) | Case No.: 10 CV 311 |
| Plaintiff, | ) ) ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| CITY OF EAST CLEVELAND, *et al.*, | ) ) ) | |
| Defendants. | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are the following motions: Plaintiff William Ellington's ("Plaintiff") Motion for Sanctions Pursuant to Rule 37(d)(1)(A)(ii) for Defendants' Failure to Respond to Interrogatories (ECF No. 10); Plaintiff's Motion for Summary Judgment (ECF No. 11); Defendants City of East Cleveland *et. al*. ("Defendants") Motion for Summary Judgment (ECF No. 13.) For the following reasons, the court grants Defendants' Motion (ECF No. 13), denies Plaintiff's Motion (ECF No. 11), and denies Plaintiff's Motion for Sanctions (ECF No. 10) as moot.

**I. FACTUAL AND PROCEDURAL HISTORY**

This case arises from the employment of Plaintiff as the Deputy Clerk of Council for the City of East Cleveland. (ECF Nos. 1, ¶ 6; 5, ¶ 6.) Plaintiff applied for the position of Deputy Clerk in the summer of 2008. (ECF No. 12, Davis Aff. ¶ 3.) On August 5, 2008, the City Council for the City of East Cleveland ("City Council"), interviewed Plaintiff for the position. (ECF No. 12, Ex. E;

Davis Aff. ¶ 4.) That same day, the City Council held an executive session and selected Plaintiff for the Deputy Clerk position. (ECF No. 12, Davis Aff. ¶ 4.) A day later, on August 6, Plaintiff was offered and accepted the position, and commenced employment a week later. (ECF Nos. 1 , ¶¶17-18; 12, Ex. B, Davis Aff. ¶ 5, Norton Aff. ¶ 8.) On August 14, 2008, the City Council held a special meeting to ratify the recent hiring decision of Plaintiff as Deputy Clerk of Council. (ECF Nos. 1, ¶ 19; 12, Norton Aff. ¶ 11.) Almeta Johnson ("Johnson"), the Law Director of the City of East Cleveland ("Defendant City") and the Acting Mayor for Defendant Mayor Eric Brewer ("Defendant Mayor Brewer"), attended the meeting. (ECF Nos. 1, ¶ 20; 12, Norton Aff. ¶ 10.) After the meeting, Defendant Mayor Brewer refused to sign Plaintiff's Personnel Transaction Form and directed Ron Brooks ("Brooks") and other employees not to issue Plaintiff's paychecks (ECF No. 1, ¶ 22.) For the months of August and September, Plaintiff continued to work as Deputy Clerk without pay. On October 21, 2008, Plaintiff filed a lawsuit against Defendants in the Common Pleas Court for Cuyahoga County for his unpaid wages; the parties were ordered to participate in a court-sponsored arbitration. (ECF Nos. 1, ¶ 29; 12, Ex. B; 14, Ex. C. ) On October 23, 2008, the City Council held a special meeting and voted in favor of Resolution No. 89-08, a resolution to command that Plaintiff be paid for his work. (ECF Nos. 1, ¶ 23; 12, Norton Aff.) Defendant Mayor Brewer vetoed the City Council's resolution. (*Id. See also*, ECF No. 14, Ex. B.) Finally, on November 19, 2008, the City Council passed Resolution No. 67-08 that compensated Plaintiff for his unpaid salary from August of 2008. (ECF Nos. 1, ¶ 24; 14, Ex. E.) Defendant Mayor Brewer signed the November 19th resolution, and in late November, the City paid Plaintiff $8,674.27 in wages. (*Id.*) On October 23,

2009, by a two-to-one vote, the arbitrators awarded Plaintiff $17,348.54 at Defendants' costs. (ECF No. 12, Ex. B.)

On February 11, 2010, Plaintiff filed his Complaint in this case seeking declaratory and injunctive relief, and damages. He maintains that from August 11, 2008 to November 15, 2008 Defendants: (1) Failed to pay him minimum wages and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and; (2) Failed to pay him minimum wages and overtime in violation of the Ohio Constitution, Art. II, §34a, and the Ohio Fair Wage Standards Act, Ch. 4111 ("OFWSA"). (*Id*.) On October 11, 2010, Plaintiff filed his Motion for Sanctions Pursuant to Rule 37(d)(1)(A)(ii) for Defendants' Failure to Respond to Interrogatories ("Sanctions Motion"). (ECF. No. 10.) Both parties filed Motions for Summary Judgment. On October 11, 2010, Plaintiff filed his Motion for Summary Judgment ("Plaintiff's Motion"). (ECF No. 11. *See also* Plaintiff's App., ECF No. 12.) On November 1, 2010, Defendants filed their Brief in Rebuttal to Plaintiff's Motion ("Rebuttal Brief"). (ECF No. 17.) On October 12, 2010, Defendants filed their Motion for Summary Judgment. ("Defendants' Motion"). (ECF No. 13. *See also* Defendant's Corrected Brief, ECF No. 13.) Plaintiff filed his Opposition to Defendants' Motion on November 2, 2010. (ECF No. 18. *See also* Plaintiff's App., ECF No. 19; Notice of Filing Corrected Declaration, ECF No. 20.)

## II. STANDARD OF REVIEW

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).

In reviewing summary judgment motions, this court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most cases, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict." *Id*. at 252. However, "[c]redibility judgments and weighing of the evidence are prohibited during the consideration of a motion for summary judgment." *Ahlers v. Scheibil*, 188 F.3d 365, 369 (6th Cir. 1999). The moving party has the burden of production to make a prima facie showing that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). If the burden of persuasion at trial would be on the nonmoving party, then the moving party can meet its burden of production by either: (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id*.

### III. LEGAL ANALYSIS
#### A. FLSA Claim

Plaintiff argues that, as a matter of law, he is entitled to damages under the FLSA because: (a) he is an employee, and not a volunteer; (b) he is an employee of the City and not the City

-4-

Council, or in the alternative, an employee of both; and (c) Defendants unlawfully withheld his wages and overtime pay from him. (ECF No. 11.) Defendants argue that, as a matter of law, Plaintiff can not recover under the FLSA because Plaintiff was an employee of the City Council, a legislative body, and thus is not covered by the FLSA. (ECF No. 13.) Defendants concede that, for the purposes of the FLSA, Plaintiff was not a volunteer between August and November of 2008. (ECF No. 17.)

The FLSA is a remedial statute "designed to correct labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficient, and general well-being of workers . . . ." *Baden-Winterwood v. Life Time Fitness*, 566 F.3d 618, 626 (6th Cir. 2009). Section 206 of the FLSA provides employees with minimum-wage and overtime-pay guarantees for their labor. 29 U.S.C. § 206(a). The FLSA defines an "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and specifically defines "an individual employed by a public agency" to include "any individual employed by a State, political subdivision of a State, or an interstate governmental agency." *Id*. at (e)(2)(C). The FLSA defines "employ" to include "to suffer or permit to work." *Id*. at (g). Not all individuals "employed by a public agency" fall under the scope of the statute. The FLSA excludes several categories of working individuals that would normally fall under this broad definition. *Id*. Relevant to this case is the statute's "legislative employee" exemption, § 203(e)(2)(C). Under the "legislative employee" exemption, an individual is not an "employee" if the individual is "employed by a State, political subdivision of a State, or an interstate governmental agency," § 203(e)(2)(C), and:

> > (i) [ ] is not subject to the civil services laws of the State, political subdivision, or agency which employs him; *and*
> >
> > (ii) who - -
> >
> > . . . .
> >
> > > (V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State . . .

29 U.S.C. § 203(e)(2)(C)(i), (ii)(V) (emphasis added). "Exemptions under the FLSA are narrowly construed against the employer." *Takacs v. Hahn Auto. Corp.*, 246 F.3d 776, 779 (6th Cir. 2001). If the employer establishes by a preponderance of the evidence that the exemption applies, the exemption provides an affirmative defense against the employee's FLSA claim. *Renfro v. Indiana Michigan Power Co.*, 497 F.3d 573, 576 (6th Cir. 2007). It is a matter of law, not fact, whether a particular relationship between individuals comes under the scope of the FLSA. *Donovan v. Brandel*, 736 F.2d 1114, 116 (6th Cir. 1984).

As stated above, an individual is not considered an "employee" under the FLSA if he or she: works for "a State, political division of a State," § 203(e)(2)(C); is not "subject to the civil service laws" of the political subdivision that employs him or her, *id*. at (e)(2)(C)(i); and "is an employee of a legislative branch or body" of that political subdivision, *id*. at (e)(2)(C)(ii)(V). Neither party contests that Plaintiff is employed by a political division of the State. Plaintiff contends that he is an employee of the City, or in the alternative, he is an employee of both the City and the City Council. (ECF No. 11.) He asserts that he was hired through a department of the City, that the City issues his pay-stubs and W-2 forms, that the City controls and/or determines "virtually every

-6-

aspect" of his employment including sick and vacation time, and employee policies. (ECF No. 11.) Defendants argue that Plaintiff is an employee of the City Council, a legislative body, and thus exempt from the FLSA. (ECF No. 13.) To support its argument, Defendants cite to Plaintiff's complaint in the state common pleas court, which alleges that Plaintiff was an employee of the City Council. Defendant further cites to *Lifrak v. New York City Council*. 389 F.Supp. 2d 500 (S.D.N.Y 2005). The *Lifrak* court found that an employee who worked for the New York City Council fell under the "legislative body" exemption of § 203(e)(2)(C)(ii)(V). In his Opposition to Defendants' Motion, Plaintiff argues that the *Lifrak* case is "inapposite" to his because, unlike the plaintiff in *Lifrak*, he has not conceded that he is an employee of the City Council and his job duties are more administrative than advisory. (ECF No. 18, p. 4.) In *Lifrak*, the plaintiff filed a gender and religious discrimination claim under 29 U.S.C. § 206 (d)[1] of the FLSA. 389 F.Supp. 2d 500. The plaintiff was an attorney for the New York City Council and was designated as an "unclassified employee" under New York Civil Service Laws. *Id*. at 505. The court determined that because plaintiff worked for the City Council, "the principal legislative body of the City of New York," and was not governed by the State's civil service laws because she was an "unclassified" civil servant, she fell under the "legislative employee" exemption and thus, did not have standing to bring suit under the statute. *Id*.

---

[1]

29 U.S.C. §206(d), or the Equal Pay Act, was enacted as an amendment to the FLSA, *see Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77 (1981), and as part of the statute, §206(d) adopted the statute's enforcement mechanisms and term definitions. *See e.g., Timmer v. Michigan DOC*, 104 F.3d 833, 837-38 (6th Cir. 1997).

Despite Plaintiff's contention, the court finds *Lifrak* analogous to this case. In this case, Ohio law and the City of East Cleveland's Charter and Codified Ordinance apply. Section 102 of the East Cleveland Charter gives the City Council the authority to "choose or appoint a Clerk and such other officers and employees of the sitting Council as it deems necessary, to serve at the pleasure and during the term of the sitting Council." Section 29 of the East Cleveland Charter defines the "civil service" of the City and divides the civil service into the " unclassified" and the "classified." The "unclassified" service includes "[t]he Clerk of Council, and such other offices and positions as may be determined and prescribed by the Council." § 29(4). *See also*, O.R.C § 124.11(A)(5) (unclassified civil servants include "[a]ll officers and employees elected or appointed by either or both branches of the general assembly, and employees of the city legislative authority engaged in legislative duties.")  Generally, "unclassified" civil service employees are not entitled to the protection of the civil service rules. *See Peters v. City of Jackson*, 653 N.E.2d 1238, 1241 (Ohio Ct. App. 1995) (citing *State ex rel. Peters v. City Canfield v. Frost*, 557 N.E.2d 1206 (Ohio 1990)); *Gallia County Sheriff v. Burnette*, 92-CA-13, 1993 Ohio App. LEXIS 784, * 2, n. 1 (Ohio Ct. App., Feb. 16, 1993). Defendants contend, and have offered evidence that Plaintiff, as the Deputy Clerk, is an "unclassified" employee not governed by the City's civil service regulations. (ECF No. 13, Frances Paster, Human Resource Director Aff.)  The court agrees.  Plaintiff's employment is an  "unclassified" position under the Charter, and Plaintiff has not offered any evidence to rebut case law and Defendants' evidence that the civil service laws do not govern "unclassified" employees in Ohio.  Thus Plaintiff meets two of the three requirements for the

"legislative employee" exemption – employed by a political division of the State, § 203(e)(2)(C), and not governed by the civil service laws, *id*. at (e)(2)(C)(i).

The third requirement for this exemption is that the individual "is an employee of a legislative branch or body" of that political subdivision. *Id*. at (e)(2)(C)(ii)(IV). As stated above, Plaintiff argues that he is not the employee of the City Council, or alternatively, that he is a "joint employee" of the City and City Council. (ECF No. 11.) An employee may have more than one employer under the FLSA. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973). To qualify as an employer, an individual or entity must act "directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." § 203(c). Further, whether an employer-employee relationship exists depends on the "economic reality rather than technical concepts" of the relationship, *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961) (internal quotation marks omitted), and whether the individual claiming employee status was made to "suffer" or "permit[ed]" to work. § 203(g). Here, Plaintiff was interviewed and hired by the City Council for the Deputy Clerk position. Plaintiff applied for his position with the expectation that he would receive a starting salary of $35,000 per year. (ECF No. 11, Ex. E, and Davis Aff.) In July, 2008 the Clerk of Council, Melvin Davis ("Davis"), contacted Plaintiff to schedule an interview conducted by the City Council for the position of Deputy Clerk. (*Id*., Davis Aff.; *see also* Ellington Dep., p. 32.) After the interview with the City Council, Davis sent an offer letter by e-mail, and Plaintiff accepted the offer shortly thereafter, and started working on August 11, 2008. (*Id*.; *see also*, Ellington Dep., p. 25.) Davis, as Plaintiff's supervisor, opined that Plaintiff went to work everyday and "performed the tasks as assigned" from him and the City Council. (Davis Aff., ¶ 7.)

Davis further stated that Plaintiff never served "in the capacity of a volunteer" but was "at all times, a full-time employee." (Id., ¶ 9.) In his deposition, Plaintiff testified that, once he accepted the offer, he completed a number of City employment forms including an "Employee Notice and Acknowledgment of Employer Police and Testing Requirements." (Ellington Dep., p. 24.) Plaintiff did not testify about his daily duties as Deputy Clerk, but did state that on his first day of work, he was trained about the different types of Council meetings, his duties in respect to individual Council members, and how to respond to resident complaints or concerns. (*Id.* at 29.)

Further, the City Council was instrumental in securing Plaintiff's position as Deputy Clerk and ensuring that Plaintiff received his wages. For example, on four separate occasions the City Council attempted to adopt a resolution confirming Plaintiff's appointment. This evidence alone indicates that the City Council "permitted" Plaintiff to work as a Deputy Clerk, and thus is Plaintiff's employer under the statute. Plaintiff contends that this court should look at the City's conduct of issuing Plaintiff's pay-stubs and W-2 forms, and controlling Plaintiff's employment benefits, as evidence that he is also a City employee. (ECF No. 11.) Plaintiff's argument, however, allows the exception to the employer-employee relationship to be swallowed by the general rule. A deputy clerk of council is both an employee of a city and a legislative body, because the legislative body is technically a part of city government. Recognizing this, the FLSA "legislative employee" exception excludes an individual who is "employed by . . . [a] political subdivision of a State," § 203(e)(2)(C), and that political subdivision is a "legislative branch or legislative body" § 203(e)(2)(C)(ii)(V). Plaintiff's employment falls directly under this exception. Defendants argue that the court should look at Plaintiff's state complaint and the job description for the deputy clerk

-10-

of council position attached as exhibit G. (ECF No. 13.) In his opposition, Plaintiff moves this court to strike exhibit G and argues that this court is not allowed to examine exhibit G because Defendants did not produce the document in discovery. (ECF No. 18, citing Fed. R. Civ. Pro. 26(a)). The court, however, need not consider this argument because it did not use exhibit G in its determination. Because Defendants have shown there is no material issue of fact regarding whether Plaintiff is an exempt employee under the FLSA, the court finds judgment, as a matter of law, in favor of Defendants. Inasmuch as Plaintiff is an exempt employee, summary judgment is entered in favor of Defendants and against Plaintiff.

### B. State Claim

In his Complaint, Plaintiff pleads a state claim for violations of Art. II § 34a of the Ohio Constitution ("Section 34a" or "§ 34a"), and the OFWSA, O.R.C. Ch. 4111, §§ 4113.15[2], .99[3] (ECF No. 1.) Section 34a states:

> [E]very employer shall pay their employees a wage rate of not less than six dollars and eighty-five cents per hour . . .
> . . . .
> "[E]mployer," "employee," "employ," "person" and independent contractor" have the same meanings as under the federal Fair Labor Standards Act . . . .

Section 34a permits the state legislature to pass additional remedial laws to implement and extend the constitutional right to minimum wage. *Id*. ("Laws may be passed to implement [§34a's] provisions[ ] create additional remedies . . . and extend the coverage of the" section.).

---

[2] Guarantees employees semi-monthly payments of wages.

[3] Imposes penalties for violations of the statute including § 4113.15.

The purpose of the OFWSA is to ensure that Ohio employees, as defined by § 4111.14, are paid the wage rate required by § 34(a) of the Constitution. *See* § 4111.14(A)(1).

§ 4111.14(B) states, in pertinent part:

> "In accordance with Section 34a of Article II, Ohio Constitution, the term "employer," "employee," "employ," "person," and "independent contractor" have the same meanings as in the "Fair Labor Standards Act of 1938," . . . . In construing the meaning of these terms, due consideration and great weight shall be given to the United States department of labor's and federal courts' interpretations of those terms under the Fair Labor Standards Act and its regulations.
> . . .
> > (1) "Employee" means individuals employed in Ohio, but does not mean individuals who are excluded from the definition of "employee" under [the FLSA] . . . .

Defendants argue that Plaintiff is excluded from bringing his state claim because the "legislative employee" exemption also applies here. The court agrees. Both § 34a and Chap. 4111 adopt the FLSA's definition of "employee" and its exemptions. *See* § 34a (" 'employee' . . . ha[s] the same meaning[ ] as under the federal Fair Labor Standards Act"); Chap. 4111.14(B)(1) (" 'Employee' . . . does not mean individuals who are excluded from the definition of 'employee' under [the FLSA]".).  Because, as a matter of law, Plaintiff lacks standing to bring his state constitutional and statutory claim, this court grants summary judgment on this claim in favor of Defendants.

### C. Rule 37(d) Sanctions

Plaintiff moved for sanctions for Defendants' failure to timely serve answers to interrogatories. (ECF No. 10.)  After Plaintiff filed his Sanctions Motion on October 11, 2010, Defendants served their answers to interrogatories on October 22, 2010.  (ECF No. 16.)  Fed. R.

Civ. P. 37(d)(1)(A)(ii) gives this court the authority to impose sanctions when a party fails to answer interrogatories. Because Defendants served their answers, and any additional responses that might have been required would not affect this court's determination regarding Plaintiff's and Defendants' Motions, this court denies the Sanctions Motion as moot. (ECF No. 10.)

### IV. CONCLUSION

Because Defendants have shown that there is no material issue of fact regarding the status of Plaintiff's employment, and that as a matter of law, he was an employee of the City Council, Defendants' Motion for Summary Judgment (ECF No. 13) is granted. Further, the court finds that Plaintiff's Motion for Summary Judgment (ECF No. 11) is denied because he has not met his burden of showing that there is no material issue of fact such that judgment should be granted in his favor. Finally, the court denies Plaintiff's Motion for Sanctions Pursuant to Rule 37(d)91)(A)(ii) (ECF No. 10) as moot.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 31, 2011